**Ilko STOEV; Tedora Tchobanova; Tchavdar Stoev; Milena Stoev, Petitioners,**

**v.**

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4473.

United States Court of Appeals, Sixth Circuit.

Feb. 2, 2004.

Ilko Stoev, pro se, Tedora Tchobanova, pro se, Tchavdar Stoev, pro se, Milena Stoev, pro se, Livonia, MI, for Petitioner.

Hillel R. Smith, Terri J. Scadron, Washington, DC, for Respondent.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

## *ORDER*

Ilko Stoev and his wife and children, natives and citizens of Bulgaria who are proceeding pro se, petition for review of a Board of Immigration Appeals (BIA) order that affirmed the decision of the Immigration Judge (IJ) to deny their applications for asylum or withholding of deportation,

---

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The petitioners entered the United States in July 1991 as visitors for pleasure. The Immigration and Naturalization Service began removal proceedings in October 1997. The petitioners conceded deportability and requested asylum and withholding of deportation. Because Stoev's wife and children were his dependents when they applied for asylum, the family's immigration status depended on Stoev's status. Stoev, a journalist, claimed refugee status based upon a fear of persecution because of his political opinion. He stated that he and his family were in danger because he had written articles critical of the government. The IJ found that Stoev's testimony was not consistent with more recent reports of conditions in Bulgaria and that, even if his testimony were credited, Stoev had not shown either past persecution or a well-founded fear of future persecution. The IJ denied Stoev's application for asylum and withholding of deportation and denied him voluntary departure. The BIA affirmed the IJ's decision without opinion. Stoev filed a timely petition for review.

In his petition for review, Stoev argues that: (1) the IJ improperly discredited his testimony and evidence and gave too much weight to the State Department Country Reports; and (2) the gap from the time he entered the United States in 1991 to the date of his hearing in 1999 made it difficult for him to produce evidence in his behalf.

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Upon review, we conclude the petition for review must be denied. "The asylum applicant bears the burden of establishing that he or she qualifies as a refugee 'either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution.'" *Ouda v. INS,* 324 F.3d 445, 451 (6th Cir. 2003) (quoting 8 C.F.R. § 208.13(b)). In order to demonstrate eligibility for asylum on the basis of a well-founded fear of persecution, an applicant must establish that: (1) he has a fear of persecution in his country on account of race, religion, nationality, membership in a particular social group, or political opinion; (2) there is a reasonable possibility of suffering such persecution if he were to return to that country; and (3) he is unable or unwilling to return to that country because of such fear. 8 C.F.R. § 208.13(b)(2).

The IJ's decision was supported by substantial evidence. *See Mikhailevitch,* 146 F.3d at 388. The IJ found that Stoev's testimony was inconsistent with previous accounts he had given of his reasons for leaving Bulgaria, and noted that Stoev presented no corroborative evidence. For example, one of Stoev's sources for a story about corruption lived in Greece at the time of the hearing, and could have been contacted for an affidavit. In addition, Stoev did not provide any of his articles to confirm that he was in fact a journalist. The IJ further found that, even if Stoev's testimony were believed, it did not establish proof of past persecution. Stoev was never beaten, arrested, or tortured, and did not know whether it was government

officials or criminals who threatened him. Moreover, the country reports provided by the State Department found little evidence that the government was suppressing journalists. Overall, the evidence Stoev presented would not compel a reasonable factfinder to find the requisite fear of persecution. *See Elias–Zacarias*, 502 U.S. at 481, 484. Finally, because Stoev did not demonstrate his entitlement to a grant of asylum, he cannot meet the more stringent requirements for withholding of deportation. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Stoev's current arguments are without merit. The State Department Country Reports provided more recent information about the conditions in Bulgaria than Stoev could provide. Moreover, the IJ concluded that even if Stoev's testimony were true, it did not prove he had been persecuted. Stoev does not indicate what evidence he could have provided that would have made a difference to the outcome of the proceeding in any event.

For the foregoing reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.